# Supreme Court of Texas

No. 22-1145

Dianne Hensley,

*Petitioner,*

v.

State Commission on Judicial Conduct et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Third District of Texas

JUSTICE YOUNG, concurring.

There is considerable force in Justice Blacklock's argument that we should reach the merits and in his proposed pathway to doing so. But I am less confident that there is no upside to the Court's approach: resolving only the jurisdictional issues and leaving the merits for the lower courts, if necessary.

For one thing, it is true that the parties *could* continue to fight on the merits—that is the purpose of repudiating the lower courts' view that they lack jurisdiction to resolve the dispute. But nothing *requires* these parties to keep pressing the merits.

For another, while I agree that this Court has the discretion to

reach the merits now, there is a virtue in allowing the process to unfold, with this Court being the last rather than the first to address important legal questions. *See, e.g.*, *In re Troy S. Poe Tr.*, 646 S.W.3d 771, 780–81 (Tex. 2022). What may seem prudent from the vantage point of one single case might be less so when viewed from the perspective of the system as a whole. Our default rule should be that we will address legal questions in the first instance only when doing so is truly urgent (especially, I think, when the reason that the lower courts did not reach the merits was a *jurisdictional* error). It would be unfortunate if we were understood as exercising the opposite presumption—that we will address the merits before any other court absent some unusual reason *not* to.

Finally, and perhaps I am also tipping my hand in saying so, but I doubt that respondents have much reason to push the case on the merits all the way back to this Court. That view further dampens any urgent need for us to resolve anything more than today's decision does. But if I am wrong, this Court will be ready once the lower courts have teed up the merits.

Evan A. Young
Justice

**OPINION FILED:** June 28, 2024

2